**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JENNIFER PETULA HAUGHTON,

        Petitioner,

vs.                                          Case No.    3:12-cv-906-J-34JBT
                                                                             3:11-cr-233-J-34JBT

UNITED STATES OF AMERICA,

        Respondent.
_____/

## ORDER GRANTING EVIDENTIARY HEARING

This case is before the Court on Petitioner Jennifer Petula Haughton's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, (Doc. 1, Motion to Vacate)[1], as well as her Memorandum in Support, (Doc. 2, Supporting Memorandum), both filed on August 3, 2012. The United States filed a Motion to Dismiss on February 3, 2014. (Doc. 8, Motion to Dismiss). In response to the Motion to Dismiss, Haughton filed her Reply to the United States' Response to the Petitioner's Pro Se 28 U.S.C. § 2255 Motion on February 27, 2014. (Doc. 9, Response).

Pursuant to 28 U.S.C. § 2255 and Rule 8(a) of the Rules Governing Section 2255 Proceedings[2], the Court determines that an evidentiary hearing is necessary to determine whether Haughton's trial counsel was ineffective for not filing an allegedly requested appeal. See Gomez-Diaz v. United States, 433 F.3d 788, 792-93 (11th Cir. 2005)

---

[1] Citations to Haughton's criminal case file, United States of America v. Jennifer Haughton, 3:11-cr-233-J-34JBT, are denoted as "Crim. Doc. ___." Citations to Haughton's civil § 2255 case file, 3:12-cv-906-J-34JBT, are denoted as "Doc. ___."

[2] Rule 8(a) of the Rules Governing Section 2255 Proceedings requires the Court to review the record, including any transcripts and submitted materials, to determine whether an evidentiary hearing is warranted before deciding on a § 2255 motion.

1

(vacating district court's denial of § 2255 relief and remanding for an evidentiary hearing on whether petitioner specifically instructed his trial counsel to file an appeal, or if not, whether counsel fulfilled his constitutional duty to consult with his client regarding an appeal and to ascertain the client's wishes); Hernandez v. United States, 212 F. App'x 832, 834-35 (11th Cir. 2006) (same).

**I.     Background**

On September 15, 2011, a grand jury sitting in the Middle District of Florida returned a four-count indictment charging Jennifer Haughton with one count of making false statements in an application for a United States passport, in violation of 18 U.S.C. § 1542 (Count One); one count of making a false claim of United States citizenship in violation of 18 U.S.C. § 911 (Count Two); one count of unlawful use of means of identification of another person, in violation of 18 U.S.C. § 1028A(a)(1) (Count Three); and one count of unlawful reentry after deportation, in violation of 8 U.S.C. § 1326 (Count Four). (See Crim. Doc. 14, Indictment). Haughton entered a plea of guilty to Counts Three and Four pursuant to a written plea agreement on November 28, 2011. (Crim. Doc. 29, Plea Agreement; Crim. Doc. 40, Plea Tr.). In exchange for Haughton's plea, the government dismissed Counts One and Two of the Indictment. Plea Agreement at 3. Haughton's plea agreement included a limited waiver of direct or collateral review of her sentence, which allowed Haughton to appeal her sentence only if (a) it exceeded the statutory maximum, (b) it exceeded the advisory United States Sentencing Guidelines ("Sentencing Guidelines") range as determined by the Court, (c) it violated the Eighth Amendment to the United States Constitution, or (d) the government appealed the sentence. Plea Agreement at 7.

At a hearing on March 26, 2012, the Court sentenced Haughton to a term of 24 months in prison on Count Three running consecutively to a term of 50 months in prison on Count Four, for a total term of 74 months in prison.  Plea Tr. at 26-27; Crim. Doc. 35, Judgment at 2.  The record reflects that Haughton did not appeal the conviction or sentence.  Accordingly, Haughton's conviction and sentence became final upon the expiration of the 14-day period for filing a notice of appeal under Fed. R. App. P. 4(b)(1)(A), or April 9, 2012.  See Adams v. United States, 173 F.3d 1339, 1342 n. 2 (11th Cir. 1999) (conviction becomes final upon expiration of the time for filing a direct appeal where a defendant does not seek direct review).  Haughton had one year from that date, or until April 9, 2013, to file a timely motion to vacate under 28 U.S.C. § 2255(f)(1).  Haughton filed her Motion to Vacate on August 3, 2012, and therefore her Motion to Vacate is timely.

## II.     Haughton's Motion to Vacate

Haughton's Motion to Vacate raises four claims: (1) that counsel rendered ineffective assistance by failing to object that the Court's determination of Haughton's criminal history category under the Sentencing Guidelines overstated her criminal history; (2) that counsel rendered ineffective assistance by failing to object to the addition of two criminal history points under U.S.S.G. § 4A1.1(d); (3) that counsel rendered ineffective assistance by failing to argue that a statute of limitations barred her prosecution for illegal reentry; and (4) that counsel provided ineffective assistance by depriving her of an appeal because he failed to file a notice of appeal despite Haughton's specific direction that he do so.

### III.  Need for Evidentiary Hearing

Before reaching any of Haughton's remaining claims, the Court finds it necessary to conduct a hearing on Haughton's claim in Ground Four that her attorney failed to file an appeal that she specifically requested.  The government contends that Haughton's waiver of direct appeals evinces that she was not going to appeal her sentence, and thus that her direct appeal waiver negates the allegation that counsel rendered ineffective assistance by not filing an appeal that she allegedly requested.  The fact that a petitioner has pled guilty and waived the right to direct and collateral review, however, does not establish that the petitioner did not subsequently decide to pursue an appeal.  Indeed, it is not uncommon for defendants to wish to appeal despite having waived appellate rights.  Additionally, the Court notes that the petitioners in Gomez-Diaz and Hernandez also waived the right to directly or collaterally attack their sentences, yet the Eleventh Circuit still remanded those cases to the district court for evidentiary hearings because the possibility remained that there were grounds for appeal not covered by the petitioners' waivers, and because a petitioner need not identify potentially meritorious grounds for appeal that fall outside an appeal-waiver.  Gomez-Diaz, 433 F.3d at 793; see also Hernandez, 212 F. App'x at 833-35.  Therefore, the fact alone that Haughton waived the right to direct appeal does not permit the Court to deny her claim of ineffective assistance of counsel without first holding an evidentiary hearing.

The United States also relies on an affidavit from Haughton's trial counsel.  Trial counsel avers that he and Haughton discussed the possibility of an appeal, and they agreed not to file one because it would be futile in light of the sentence-appeal waiver.  (Doc. 8-3, Affidavit).  Counsel also states that it is his practice to comply with any client's

request to file a notice of appeal, but that Haughton did not ask him to do so. Id. Haughton, for her part, contends that she did request that counsel appeal her sentence. Motion to Vacate at 8. Despite trial counsel's affidavit, the Court cannot resolve a contested factual dispute surrounding a claim of ineffective assistance of counsel solely on the basis of an attorney's affidavit without conducting an evidentiary hearing. Alvarez-Sanchez v. United States, 350 F. App'x 421, 425 (11th Cir. 2009) (district court abused its discretion in denying an evidentiary hearing on a § 2255 motion based on trial counsel's affidavit that he communicated a plea offer to the petitioner, contrary to petitioner's claims). Thus, the Court must hold an evidentiary hearing to resolve Haughton's claim in Ground Four.

As to whether Haughton's trial counsel was ineffective for not appealing, this Court requests that the Honorable Joel Toomey, United States Magistrate Judge, conduct an inquiry consistent with Gomez-Diaz and Hernandez in order to ascertain: (1) whether Haughton specifically requested her trial counsel to file a notice of appeal, thereby triggering counsel's duty to do so, (2) if Haughton neither specifically directed her attorney to appeal nor affirmatively directed her attorney not to appeal, whether counsel consulted with Haughton in a reasonable effort to determine the client's wishes, and whether counsel acted in accordance with those wishes, and (3) if counsel did not consult with Haughton under Question 2, whether counsel had a duty to do so either because (a) a rational defendant would have wanted to appeal, or (b) Haughton reasonably demonstrated to counsel that she was interested in appealing. See Gomez-Diaz, 433 F.3d at 792-93; see also Roe v. Flores-Ortega, 528 U.S. 470, 477-80 (2000) (where defendant neither specifically directs his attorney to file an appeal nor specifically directs

5

his attorney not to appeal, counsel has a duty to consult with his client on the advantages and disadvantages of appealing and to ascertain the defendant's wishes; such a duty to consult the client is triggered either when a rational defendant would want to appeal or the defendant expressed an interest in appealing).

At the hearing, the Court should hear testimony from David Makofka (Haughton's trial counsel in the underlying criminal case), Petitioner Jennifer Petula Haughton, and any other witnesses whose testimony the parties deem relevant to these proceedings. By separate order, Judge Toomey will appoint counsel for Haughton, set a date for the evidentiary hearing, and provide any other specifics deemed necessary. Following the evidentiary hearing, the Court requests that Judge Toomey issue a Report and Recommendation as to whether trial counsel failed to file a notice of appeal in derogation of Haughton's wishes. In the event Judge Toomey recommends denial of the Motion to Vacate as to this ground, the Court requests that Judge Toomey include in his Report and Recommendation a recommended resolution for the remaining claims asserted in Haughton's Motion to Vacate.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of November, 2014.

MARCIA MORALES HOWARD
United States District Judge

Lc19

Copies:

Honorable Joel B. Toomey
United States Magistrate Judge

David Makofka, Esq.
Counsel of Record
pro se party